IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br><br>v<br><br>ONE PARCEL OF REAL PROPERTY<br>AND IMPROVEMENTS, LOCATED AT<br>LOT 12, HUNTERS MILL SUBDIVISION<br>LAKELAND, LANIER COUNTY, GEORGIA,<br>     First-Named Defendant Property,<br><br>ONE PARCEL OF REAL PROPERTY<br>AND IMPROVEMENTS, LOCATED AT<br>1009 MAIN STREET, RAY CITY,<br>BERRIEN COUNTY, GEORGIA,<br>     Second-Named Defendant Property,<br><br>AND,<br><br>$38,610.89 IN UNITED STATES<br>FUNDS,<br>     Third-Named Defendant Property. | CASE NO. 7:06-CV-53 (HL) |

## WRIT OF ENTRY

TO:   UNITED STATES MARSHAL
         MIDDLE DISTRICT OF GEORGIA

The United States having filed a Verified Complaint for Forfeiture in Rem against the following defendant real property:

1.   The First-Named Defendant Property is real property located at Lot 12, Hunters Mill Subdivision, Lakeland, Lanier County, Georgia, more particularly described as:

> All that tract or parcel of land situate, lying and being in Land Lot 522 of the 10th Land District of the City of Lakeland, Lanier County, Georgia, more particularly identified as Lot

>No. 12 of the Hunters Mill Subdivision as shown on that plat of survey prepared by Roy C. Hogan, Georgia Registered Land Surveyor No. 1712, dated February 27, 1997 and recorded in Plat Cabinet A, Slide 77, in the office of the Clerk of Superior Court, Lanier County, Georgia.  Said plat and recorded copy thereof are, by reference, incorporated herein and made a part of this description.

2. The record owner of the First-Named Defendant Property is Keisha M. Banks

3. The Second-Named Defendant Property is real property located at 1009 Main Street, Ray City, Berrien County, Georgia, more particularly described as:

>All that tract or parcel of land situate, lying and being in Land Lot No. 422 of the 10th Land District of Berrien County, Georgia, and located in the city limits of Ray City, Georgia, and being more particularly described as follows:  For a point of reference only, begin at a point where the eastern margin of the right of way of Park Street intersects with the southern margin of the right of way of West Main Street and thence proceed north 76 degrees 55 minutes east a distance of 64.00 feet to an iron pin and the Point of Beginning, from said Point of Beginning thence proceed north 76 degrees 55 minutes east a distance of 95.00 feet to an iron pin; thence proceed south 13 degrees 05 minutes east a distance of 222.03 feet to an iron pin; thence proceed south 75 degrees 12 minutes west a distance of 99.16 feet to an iron pin; thence proceed north 12 degrees 02 minutes 08 seconds west a distance of 225.04 feet to an iron pin and the Point of Beginning.  Said tract of land is more particularly described in that certain map or plat of survey entitled "Property of Lester I.. Engen and Sharrel S. Engen" recorded in Plat Book 5, page 146, of the records of the Clerk of the Superior Court of Berrien County, Georgia, to which map or plat of survey is incorporated herein and made a part of this description.  Said described property has a residence dwelling located thereon known and designated as 1009 Main Street (a/k/a West Main Street), Ray City, Georgia.

4. The record owner of the Second-Named Defendant Property is Keisha M. Banks.

5. The United States has not requested authority to seize the named defendant real property at this time, but has stated that it will post notice of the Complaint for Forfeiture *In Rem* on Defendant Real Property, and serve notice of this action and a copy of the Complaint on the owner of the Defendant Real Property under 18 U.S.C. § 985(c)(1) and (3).

6. The United States has requested that the Court issue a Writ of Entry as provided in 18 U.S.C. § 985(b)(2) and 18 U.S.C. § 983(j) authorizing it to enter Defendant Real Property, including any structures, for the purpose of conducting an inspection and inventory of the defendant real property and, as provided in 19 U.S.C. § 1606, to conduct an appraisal.

THEREFORE IT IS HEREBY ORDERED that the United States Marshals Service or its designee, is hereby authorized:

1. To enter Defendant Real Property, including any structures, on one or more occasions during the pendency of this *in rem* forfeiture action against the Defendant Real Property, for the purpose of conducting an inspection and inventory and appraisal of the Defendant Real Property;

2. To be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of Defendant Real Property pursuant to 19 U.S.C. § 1606, which appraisal may include, among other means, still and video photography;

3. To be accompanied on any such occasion by any government and contract personnel selected by it for the purpose of conducting an inspection and inventory of Defendant Real Property, which inspection and inventory may include,

among other means, still and video photography; and

  4. To be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of personnel acting under this Writ of Entry.

  Any interference with anyone acting under the authority of this Writ of Entry shall be deemed in violation of a Court order and may be punished as a contempt, as a violation of 18 U.S.C. § 2232 prohibiting the impairment of *in rem* jurisdiction, or otherwise as provided by law.

  SO ORDERED THIS 6th day of July, 2006.


            **s/ Hugh Lawson**
            UNITED STATES DISTRICT JUDGE