IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : <br> : <br> : | |
| v | : <br> : | CASE NO.: 7:06-CV-00053-HL |
| ONE PARCEL OF REAL PROPERTY<br>AND IMPROVEMENTS, LOCATED AT<br>LOT 12, HUNTERS MILL SUBDIVISION<br>LAKELAND, LANIER COUNTY,<br>GEORGIA, et al.,<br>Defendant Property, | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| KEISHA BANKS<br>Claimant. | : <br> : <br> : | |

## CONSENT ORDER

The parties have executed and presented to the Court a Stipulation for Compromise Settlement and Release of Claims which is attached hereto and made a part of this Order, in which they agreed that the following defendant property shall be forfeited to the United States:

    a. One parcel of real property located at Lot 12, Hunters Mill Subdivision, Lakeland, Lanier County, Georgia, more particularly described as:

> All that tract or parcel of land situate, lying and being in Land Lot 522 of the 10th Land District of the City of Lakeland, Lanier County, Georgia, more particularly identified as Lot No. 12 of the Hunters Mill Subdivision as shown on that plat of survey prepared by Roy C. Hogan, Georgia Registered Land Surveyor No. 1712, dated February 27, 1997 and recorded in Plat Cabinet A, Slide 77, in the office of the Clerk of Superior Court, Lanier County, Georgia. Said plat and recorded copy thereof are, by reference, incorporated herein and made a part of this description.

b. $38,610.89 in United States Funds, seized from Bank Account No. 111 in the name of Keisha Banks located at Nashville Credit Union, 902 South Davis Street, Nashville, Georgia.

The parties further agree the following defendant property shall be released to Claimant:

a. One parcel of real property located at 1009 Main Street, Ray City, Berrien County, Georgia, more particularly described as:

> All that tract or parcel of land situate, lying and being in Land Lot No. 422 of the 10th Land District of Berrien County, Georgia, and located in the city limits of Ray City, Georgia, and being more particularly described as follows: For a point of reference only, begin at a point where the eastern margin of the right of way of Park Street intersects with the southern margin of the right of way of West Main Street and thence proceed north 76 degrees 55 minutes east a distance of 64.00 feet to an iron pin and the Point of Beginning, from said Point of Beginning thence proceed north 76 degrees 55 minutes east a distance of 95.00 feet to an iron pin; thence proceed south 13 degrees 05 minutes east a distance of 222.03 feet to an iron pin; thence proceed south 75 degrees 12 minutes west a distance of 99.16 feet to an iron pin; thence proceed north 12 degrees 02 minutes 08 seconds west a distance of 225.04 feet to an iron pin and the Point of Beginning. Said tract of land is more particularly described in that certain map or plat of survey entitled "Property of Lester I.. Engen and Sharrel S. Engen" recorded in Plat Book 5, page 146, of the records of the Clerk of the Superior Court of Berrien County, Georgia, to which map or plat of survey is incorporated herein and made a part of this description. Said described property has a residence dwelling located thereon known and designated as 1009 Main Street (a/k/a West Main Street), Ray City, Georgia.

Accordingly, the Court hereby makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue is proper pursuant to 28 U.S.C. § 1395.

2. The United States has furnished due and legal notice of these proceedings as required by law. All persons known to the United States to have a possible interest in the defendant property have received actual notice and service of summons, complaint, and warrant for arrest in this action.

3. Claimant filed a Claim on August 3, 2006, and an Answer on August 18, 2006, asserting her interest in Defendant Property, and no other persons or entities have filed an answer in this action. The time for filing claims and answers has now expired.

4. There is sufficient evidence to warrant a conclusion, by a preponderance of evidence standard, that the defendant property is subject to forfeiture in accordance with 21 U.S.C. § 881(a)(6).

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest of Keisha Banks in the following defendant property: a) $38,610.89 in U.S. funds; and b) real property located at Lot 12, Hunters Mill Subdivision, Lakeland, Lanier County, Georgia, more particularly described above, is hereby forfeited to the United States;

2. All other right, title, and interest in the following defendant property: a) $38,610.89 in U.S. Funds; and b) real property located at Lot 12, Hunters Mill Subdivision, Lakeland, Lanier County, Georgia, more particularly described above, is hereby forfeited to the United States, which shall have clear title to this property and may warrant good title to any subsequent transferee;

3. The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law.

4. Upon the entry of the Consent Order, the United States shall file a Release of Lis Pendens for the defendant real property located at 1009 Main Street, Ray City, Berrien County, Georgia, more particularly described above, and all right, title, and interest shall be vested in the Claimant.

5. Pursuant to 28 U.S.C. § 2465, no parties shall be entitled to costs, including any costs under 28 U.S.C. § 2412, nor shall the person or persons who made the seizure of the defendant property, nor any attorney, agent, or employee of the United States, be liable to suit or judgment on account of the seizure of the defendant property or prosecution of the instant forfeiture action, there being reasonable cause shown for the seizure.

SO ORDERED, this 29th day of March, 2007.

*S/ Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Prepared by:
DONALD L. JOHSTONO
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 397015